IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HOPE NPIMNEE, and NEBRASKA PRISON CONGRESS,<br><br>Plaintiffs,<br><br>vs.<br><br>ANDREWS, Officer of RTC Nebraska Department of Correctional Services; STATE OF NEBRASKA, TAGGART BOYD, and SCOTT FRAKES,<br><br>Defendants. | 8:23CV102<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff's Motion for Summons, Filing No. 4, Motion for Preliminary Injunction, Filing No. 10, and "Motion to Notice Institutional Trust Account Statement," Filing No. 11. For the reasons below, each motion will be denied.

**I. MOTION FOR SUMMONS**

On March 15, 2023, Plaintiff filed what the Court docketed as a Motion for Summons requesting "defendant, Officer Andrews, be ordered in a summons to answer the complaint against her within 20 days." Filing No. 4. This matter may not proceed to service of process at this time. Before this matter may proceed, Plaintiff is required to pay an initial partial filing fee of $17.71. See Filing No. 9. Once payment is made, the Court is required to review Plaintiff's Complaint to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court has not yet conducted an initial review of Plaintiff's Complaint pursuant to section 1915(e) to determine whether this matter may proceed to service of process. Accordingly, Plaintiff's Motion for Summons will be denied without prejudice to reassertion as premature.

## II.  MOTION FOR PRELIMINARY INJUNCTION

Plaintiff has filed a Motion for Preliminary Injunction seeking "a preliminary injunction compelling prison officials to provide me and all other inmates immediate access to a telephone so that inmates can confer with counsel for up to 60 minutes per week within 24 hours of their arrival at the prison." Filing No. 10 at 1.  Plaintiff states he arrived at the prison on February 22, 2023, and requested access to a telephone to contact his court-appointed attorney "but was denied each time by prison policy [which] dictates inmates are not permitted to make any phone calls until all confidential and social contact phone numbers have been approved in [the prison's] system." Id. at 2. Inmates are also required to "wait until a tablet has been assigned to them which also creates their phone pin," and this "process usually takes 2–3 weeks but at times takes up to 6 weeks." Id.  Plaintiff represents that this policy resulted in denial of access to Plaintiff's attorney for three weeks and that his "first call to [his] attorney was permitted in late March." Id.  Plaintiff argues that failure to grant an injunction will result in "ongoing irreparable harm done to countless inmates," including himself, and Plaintiff alleges other inmates who were unable to contact their attorney due to the prison's policy "were forced to forfeit their right to appeal." Id. at 3.

As Plaintiff acknowledges, the standards set forth by Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109 (8th Cir. 1981), apply to Plaintiff's motion.  In Dataphase, the

2

Eighth Circuit Court of Appeals, sitting en banc, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest. *Id*. at 114. Failure to show irreparable harm alone is a sufficient basis for a court to deny injunctive relief. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 420 (8th Cir. 1987). In addition, "[a] plaintiff must have standing to show a likelihood of success on the merits," which requires "1) an injury in fact that is concrete and particularized, actual or imminent; 2) that the injury in fact was likely caused by the defendant; and 3) that the injury would likely be redressed by judicial relief." *Parents Defending Educ. v. Linn-Mar Cmty. Sch. Dist.*, No. 22-CV-78 CJW-MAR, 2022 WL 4356109, at *8 (N.D. Iowa Sept. 20, 2022) (citing *TransUnion LLC v. Ramirez*, ––– U.S. ––––, 141 S. Ct. 2190, 2203, 210 L.Ed.2d 568 (2021)).

Here, Plaintiff has failed to show that he personally faces a threat of irreparable harm as he admits that he has been permitted to contact his court-appointed attorney since late March, and he does not allege that he has suffered any concrete injury as a result of the delay in contact. To the extent Plaintiff seeks injunctive relief on behalf of other inmates facing a potential threat of harm, "[Plaintiff] has no standing here to seek injunctive relief on behalf of other inmates." *Williams v. Corr. Med. Servs.*, 166 F. App'x 882 (8th Cir. 2006) (per curiam) (citing *Meis v. Gunter*, 906 F.2d 364, 366-68 (8th Cir.1990)); *see also Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (prisoner lacked standing to seek an injunction against mistreatment of other prisoners). Upon

3

careful review, the Court finds that Plaintiff has not shown he is personally under a threat of irreparable harm necessitating the injunctive relief he seeks, and his Motion for Preliminary Injunction is denied.

### III. MOTION TO NOTICE INSTITUTIONAL TRUST ACCOUNT STATEMENT

On April 28, 2023, Plaintiff filed a motion asking the Court take "judicial notice of inmate institutional trust account statement for the purpose of calculating cost of initial partial filing fee" and attached a copy of his "Institutional Account Inquiry" for the month of March 2023. Filing No. 11. However, the Court received a certified copy of Plaintiff's institutional trust account statement from the Nebraska Department of Correctional Services on April 21, 2023, Filing No. 8, and calculated his initial partial filing fee payment based on that statement, Filing No. 9. Therefore, Plaintiff's motion for judicial notice of his trust account statement will be denied as moot.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Summons, Filing No. 4, is denied without prejudice to reassertion.

2. Plaintiff's Motion for Preliminary Injunction, Filing No. 10, is denied.

3. Plaintiff's Motion to Notice Institutional Trust Account Statement, Filing No. 11, is denied.

Dated this 25th day of May, 2023.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge