IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HOPE NPIMNEE,<br><br>          Plaintiff,<br><br>   vs.<br><br>ANDREWS, Officer, in official and personal capacity;  STATE OF NEBRASKA, JIM PILLEN, in official and personal capacity; NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, ROB JEFFRIES, in official and personal capacity; OLTROGGE, Officer, in official and personal capacity;  WEBB, Officer, in official and personal capacity; CAPTAIN MORRIS, in official and personal capacity; HOUSEMAN, Administrator, in official and personal capacity;  LINCOLN COUNTY SHERIFF'S OFFICE, JEROME KRAMER, Sheriff, in official and personal capacity; MILLER, Officer, in official and personal capacity; and  MCINTOSH, Officer, in official and personal capacity;<br><br>          Defendants. | **8:23CV102**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's Amended Complaint, Filing No. 22, and Motion for Status Update, Filing No. 23.  Upon consideration, Plaintiff's Motion for Status Update is granted and this Memorandum and Order serves to advise Plaintiff of the status of this case.  The Court now conducts an initial review of Plaintiff's Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  For the reasons that follow, the Court will dismiss this matter without prejudice.

# I.  BACKGROUND

Plaintiff is an inmate in the custody of the Nebraska Department of Correctional Services ("NDCS").  Plaintiff filed his original Complaint on March 15, 2023, against defendants Officer Andrews ("Andrews"), Taggart Boyd ("Boyd"), and Scott Frakes ("Frakes") of the NDCS, alleging claims against Andrews for discrimination and denying Plaintiff access to the courts based on incidents occurring in March 2023 at the Reception and Treatment Center ("RTC").  Filing No. 1.  On July 22, 2024, the Court conducted an initial review of Plaintiff's Complaint and determined it failed to state a plausible claim for relief against Boyd, Frakes, and Andrews, but gave Plaintiff leave to file an amended complaint.  Filing No. 19.  After being granted an extension, *see* Filing No. 20; Filing No. 21 (text order), Plaintiff timely filed his Amended Complaint, Filing No. 22, on October 24, 2024.[1]  The Court now conducts an initial review of the Amended Complaint.

# II.  SUMMARY OF AMENDED COMPLAINT

Plaintiff's Amended Complaint consists of a four-page, typed document containing three claims, each consisting of a single, lengthy paragraph and labeled as "Pepper Spray," "Access Courts," and "Failure to protect," respectively.  Filing No. 22.  In the caption, Plaintiff has omitted Boyd and Frakes as defendants, but retained Andrews and added the following parties as defendants: Nebraska State Governor Jim Pillen[2]; the State of Nebraska; NDCS; NDCS Director Rob Jeffries; NDCS employees Officer Oltrogge, Officer Webb, Captain Morris, and Administrator Houseman; the Lincoln County

---

[1] The Court has given Plaintiff the benefit of the prison mailbox rule in deeming his Amended Complaint timely.  *See United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006) ("Under the prison mailbox rule, a pro se pleading is deemed filed upon deposit in the prison mail system prior to the expiration of the filing deadline.").

[2] Though Plaintiff does not identify Jim Pillen as the Nebraska Governor, the Court takes judicial notice that Jim Pillen is the State's Governor.  *See* https://governor.nebraska.gov/ (last visited Dec. 30, 2025).

Sheriff's Office ("LCSO"); Lincoln County Sheriff Jerome Kramer ("Sheriff Kramer"); and LCSO Officers Miller and McIntosh.[3]  *Id*. at 1.  All individual defendants are sued in both their official and individual capacities.  *Id*.

In his "Pepper Spray" claim, Plaintiff seeks $5,000,000 in damages against Pillen, the State of Nebraska, Sheriff Kramer, McIntosh, and Miller for an incident occurring on or about November 9, 2019, when he was jailed in the LCSO jail.  Plaintiff alleges that, "[w]hile in a secured cell and having a civilized conversation with jailers about jail conditions without the use of obscene language, Officer Amber McIntosh ordered Officer Michael Miller to pepper spray [Plaintiff] by spraying the bottom of the single person cell that [Plaintiff] was occupying."  *Id*.  Plaintiff sustained injuries from the use of the pepper spray but did not receive medical examination or treatment.  Plaintiff alleges the defendants' actions constituted excessive force and retaliation in violation of his Eighth and First Amendment rights.

Plaintiff's second claim is his "Access Courts" claim, which he also alleged in his original Complaint.  *Compare* Filing No. 1 at 3, *with* Filing No. 22 at 2–3.  Liberally construed, Plaintiff brings this claim against Jeffries, the NDCS, the State of Nebraska, Pillen, who "is responsible for directions and actions of the State of Nebraska," and Andrews.  Filing No. 22 at 2.  Plaintiff alleges he was sentenced and transferred to NDCS custody on February 22, 2023.  At that time, he had a pending criminal case, CR22-36, in the District Court of Lincoln County, Nebraska, in which the Lincoln County Public Defender had been appointed to represent him.  "NDCS standard operating procedure currently requires 3 to 7 weeks before new inmates are assigned a phone pin and tablet

---

[3] Unless otherwise noted, all individual defendants will be referred to by their last name.

3

in order for phone calls to be made. During this time, inmates cannot call anyone, including attorneys." *Id*. Plaintiff alleges he asked Andrews to allow him to call his attorney in CR22-36 on February 23, 2023, and March 7, 2023, but was denied on both occasions. Plaintiff also asked Andrews for legal materials in the form of paper, pen, and stamped envelopes to write his attorney and/or the state court, but was denied on both February 23, 2023, and March 7, 2023. "Andrews instructed [Plaintiff] to order legal materials on canteen," but Plaintiff "could not contact his family to add funds to his institutional trust account, [and] as a result he had $0.00 until $150.00 was added on [March 8, 2023]." *Id*. NDCS denied Plaintiff's request "for indigent status in order to have the prison provide him free legal materials." *Id*. Plaintiff alleges his requests for access to the courts were denied "everyday" between February 23, 2023, to March 7, 2023, "and well into late March 2023." *Id*.

On March 10, 2023, CR 22-36 was dismissed and ordered sealed by the state court, and the public defender was released as Plaintiff's counsel as a result of the dismissal. Plaintiff "was left without counsel to seek setting aside his previously forfeited bond in CR22-36," so Plaintiff filed a pro se motion to set aside his bond forfeiture pursuant to Neb. Rev. Stat. § 29-1105.[4] *Id*. In a letter dated December 4, 2023, the state court declined to consider Plaintiff's pro se motion due to the criminal case being

---

[4] Section 29-1105 provides:

> No action brought on any recognizance shall be barred or defeated, nor shall judgment thereon be reversed by reason of any neglect or omission to note or record the default, nor by reason of any defect in the form of the recognizance if it sufficiently appears from the tenor thereof at what court the party or witness was bound to appear and that the court or officer before whom it was taken was authorized by law to require and take such recognizance.

Neb. Rev. Stat. § 29-1105.

dismissed and sealed.  Plaintiff alleges "[t]here is a reasonable probability that if [Plaintiff] would have been provided timely access to the [c]ourt and his attorney, the motion to set aside bond forfeiture would have been considered."  *Id*. at 3 (spelling corrected).  Plaintiff alleges "Jim Pillen approved implementation of Director Rob Jeffries['] policy to deny access to the Courts and Officer Andrews executed the constitutional violation of [Plaintiff's] rights."  *Id*.  For "the denial of access to the courts incident," Plaintiff seeks $5,000,000 in damages.  *Id*.

Finally, in his "Failure to protect" claim, Plaintiff alleges he was assaulted on July 20, 2023, and August 26, 2023, by the same inmate.  Liberally construed, Plaintiff alleges Pillen, the State of Nebraska, NDCS, Jeffries, Webb, Oltrogge, Morris, and Houseman failed to protect him from the assaults and were deliberately indifferent to his safety, and he seeks $5,000,000 in damages as relief.

### III.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d

968, 973 (8th Cir. 1999)).  Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).  This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).  However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## IV.  DISCUSSION

### A.  Misjoinder

In his Amended Complaint, Plaintiff adds twelve new defendants and two new claims that were not included in his original Complaint.  *Compare* Filing No. 1, *with* Filing No. 22.  However, Plaintiff's attempt to join all of these defendants and claims in one action does not comply with the Federal Rules of Civil Procedure.

While a plaintiff may join in one action as many claims as he has against a single defendant, *see* Fed. R. Civ. P. 18(a), "[i]n actions where more than one defendant is named, such as the one at bar, the analysis under Rule 20 precedes that under Rule 18."

6

*Houston v. Shoemaker*, No. 2:16-CV-36-CDP, 2017 WL 35699, at *2 (E.D. Mo. Jan. 4, 2017). Rule 20 provides in part: "Persons . . . may be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, "[d]espite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1655 (3d ed.). "[A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g.*, *Williams v. Harmon*, 294 Fed. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). "Requiring *pro se* prisoners to adhere to the federal rules regarding joinder of parties and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s],' avoids confusion, ensures that prisoners pay the required filing fees, and prevents prisoners from circumventing the [Prison Litigation Reform Act]'s three strikes rule."[5] *Evans v. Deacon*, No. 3:11-CV-00272-

---

[5] Under provisions of the Prison Litigation Reform Act ("PLRA"), a prisoner may not commence a civil action without prepayment of the filing fee in some form. *See* 28 U.S.C. § 1915(b)(1). The PLRA also contains a "three-strikes" provision requiring the collection of the entire filing fee after the dismissal for failure to state

ST, 2016 WL 591758, at *7 (D. Or. Feb. 12, 2016), *aff'd*, 687 F. App'x 589 (9th Cir. 2017) (quoting *George v. Smith*, 507 F3d 605, 607 (9th Cir. 2007)). "Unrelated claims involving different defendants belong in different suits." *Lightfeather v. Osborn*, No. 4:20CV3118, 2021 WL 107141, at *2 (D. Neb. Jan. 12, 2021) (citing *George*, 507 F.3d at 607 (holding that state prisoner's § 1983 action asserting 50 claims against 24 defendants should have been brought as separate actions, since defendants did not participate in the same transaction or series of transactions, and question of fact was not common to all defendants)).

Here, it is clear that the events described in Plaintiff's "Pepper Spray," "Access Courts," and "Failure to protect" claims are not "logically related" and that the Amended Complaint fails to comply with Rule 20(a)(2). Each of the three claims occurred at different times, the "Pepper Spray" claim occurred in a different location, and, with the exception of Pillen, the State of Nebraska, Jeffries, and the NDCS, each claim involves different defendants. Thus, Plaintiff cannot proceed against all the defendants named in the Amended Complaint. While "[m]isjoinder of parties is not a ground for dismissing an action," the Court on its own may "drop a party" or "sever any claim against a party" in order to eliminate the misjoinder. Fed. R. Civ. P. 21. Because the Court gave Plaintiff leave to amend his original Complaint as to his "Access Courts" claim against Defendant Andrews, the Court will dismiss the "Pepper Spray" and "Failure to protect" claims and the parties related to those claims from this action as such claims do not arise out of the same transaction or series of transactions as Plaintiff's "Access Courts" claim. **If Plaintiff wishes to pursue his "Pepper Spray" and "Failure to protect" claims, then he must**

---

a claim or frivolousness of three actions or appeals brought by a prisoner proceeding in forma pauperis, unless the statutory exception is satisfied. 28 U.S.C. § 1915(g).

**file his claims in separate actions and he will be required to pay a separate filing fee for each separate action**.

## B. Access to Courts Claim

In his remaining "Access Courts" claim, Plaintiff sues the State of Nebraska, the NDCS, and Pillen, Jeffries, and Andrews in their official and individual capacities for denying his right to access the courts. Plaintiff seeks recovery under 42 U.S.C. § 1983. To state a § 1983 claim, Plaintiff must allege facts showing "the conduct complained of was committed by a person acting under color of state law," and this conduct deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). As explained below, sovereign immunity bars Plaintiff's § 1983 claim against the State of Nebraska, the NDCS, and the defendants in their official capacities and his Amended Complaint fails to state a plausible claim for relief against the defendants in their individual capacities.

### 1. Sovereign Immunity

As the Court indicated in its prior initial review order, *see* Filing No. 19 at 5–6, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Generally, a state, its agencies and instrumentalities, and its employees in their official capacities are "not 'person[s]' as that term is used in § 1983, and [are] not suable under the statute, regardless of the forum where the suit is maintained." *Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200–01 (1991). *See also McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (states, arms of the state, and state officials acting in their official

capacities are not subject to suit under § 1983).  Thus, Plaintiff clearly cannot state a § 1983 claim for relief against the State of Nebraska and the NDCS.

In addition, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity.  *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress.  *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 447; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981).  There is nothing in the record before the Court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter.  Thus, Plaintiff's claims for money damages against the State of Nebraska, the NDCS, and Pillen, Jeffries, and Andrews in their official capacities are barred by the Eleventh Amendment and must be dismissed.

### 2. *Individual Capacity Claims*

Plaintiff sues Pillen, Jeffries, and Andrews in their individual capacities for denying his right of access to the courts.  However, the Court finds that Plaintiff's claim fails against all three defendants.

"To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *Kingsley v. Lawrence Cty.*, 964 F.3d 690, 700 (8th Cir. 2020) (quoting *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017)).  A plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.  *Iqbal*, 556 U.S. 662, 676 (2009).

Moreover, "[i]t is well settled that § 1983 does not impose respondeat superior liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006) (internal quotation marks omitted). "Supervisors can, however, 'incur liability . . . for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of violative practices.'" *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (quoting *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)).

With respect to Pillen, Plaintiff alleges only that Pillen "is responsible for directions and actions of the State of Nebraska," Filing No. 22 at 2, and he "approved implementation of Director Rob Jeffries['] policy to deny access to the Courts," *Id.* at 3. However, Plaintiff alleges no facts to support his conclusory assertion that Pillen approved Jeffries' policy, and it is evident that Plaintiff's assertion is based solely on Pillen's position as Nebraska State Governor. Pillen cannot be held liable for the actions of other Nebraska officials based solely on his position as Nebraska's Governor, and Plaintiff, thus, fails to state a claim for relief against Pillen. Even if the Court assumes Pillen's personal involvement, Plaintiff fails to allege a plausible access to courts claim as explained below.

Liberally construed, Plaintiff alleges Jeffries and Andrews denied him access to the courts because they did not permit him to call his attorney and denied him legal supplies for the first month after his transfer to NDCS custody, which prevented him from seeking to set aside a bond forfeiture in CR22-36. It is well established "that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To prevail on an access to courts claim, a prisoner must establish that he sustained "an actual injury." *Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir. 2001). To demonstrate "actual

injury," the prisoner must show "'that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Id.* (quoting *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998)). "The 'nonfrivolous legal claim' cannot be just any claim. It must be 'a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights.'" *Yates v. Skinner*, 748 F. Supp. 3d 666, 684 (S.D. Iowa 2024) (quoting *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996)).

Here, Plaintiff's allegations fail to state an access to courts claim because Plaintiff has not shown the necessary injury. As he alleges, Plaintiff sought to litigate a state-law claim to set aside his bond forfeiture in his state criminal case, which was dismissed prior to Plaintiff being able to contact his attorney or access the courts. Clearly, Plaintiff's bond forfeiture claim does not constitute "a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights." *Sabers*, 100 F.3d at 84. Moreover, the mere fact that denial of attorney phone calls during the first three to seven weeks of incarceration was part of "NDCS standard operating procedure," Filing No. 22 at 2, does not relieve Plaintiff of his obligation to show an actual injury. *See Sabers*, 100 F.3d at 84 ("When bringing an access-to-courts claim, a plaintiff cannot merely allege a denial of access to a law library or adequate attorney, even if the denial is systemic." (citing *Lewis v. Casey*, 518 U.S. 343, 351, 352 n.4 (1996)). Thus, Plaintiff has failed to show that he was actually injured by the defendants' alleged denial of access to the courts and his Amended Complaint must be dismissed.

## V. CONCLUSION

Plaintiff's attempt to join new claims and defendants in his Amended Complaint that are unrelated to the access to courts claim asserted in his original Complaint is not

permitted under the Federal Rules of Civil Procedure, and the Court finds dismissal of the new claims and defendants is appropriate to prevent Plaintiff from circumventing the Prison Litigation Reform Act's fee and filing requirements. Plaintiff's Amended Complaint fails to state an access to courts claim upon which relief may be granted against any of the remaining defendants and is, therefore, subject to dismissal under 28 U.S.C. §§ 1915(e) and 1915A. The Court finds that further amendment is futile and, therefore, will dismiss this matter without prejudice.

IT IS THEREFORE ORDERED that:

1.    Plaintiff's Motion for Status Update, Filing No. 23, is granted consistent with this Memorandum and Order.

2.    This matter is dismissed without prejudice for failure to state an access to courts claim upon which relief may be granted and without prejudice to Plaintiff filing separate actions with respect to his misjoined "Pepper Spray" and "Failure to protect" claims.

3.    The Court will enter a separate judgment.

Dated this 31st day of December, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

13